JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  2:11-cv-10683-JHN-AJW                                     Date:  March 14, 2012
Title: PNMAC Mortgage Co LLC v. David Wayne Jessop et al

Present:  The Honorable JACQUELINE H. NGUYEN

| Alicia Mamer | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT (In Chambers)

On August 26, 2011, Plaintiff PNMAC Mortgage Co., LLC, ("Plaintiff") brought a Complaint for unlawful detainer against Defendant David W. Jessop ("Defendant") in state court.  On December 27, 2011, Defendant removed the case to federal court.  (Docket no. 1.)  Having considered the Notice of Removal, the Court finds no federal jurisdiction and hereby **REMANDS** the case to Los Angeles County Superior Court.[1]

## I.    Legal Standard

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ."  28 U.S.C. § 1441(a).  However, the Court may remand a case to state court for lack of subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction."  *U.S. v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).

Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that

---

[1] Plaintiff's Motion to Remand currently set on February 13, 2012 is moot and is hereby removed from the Court's calendar.

JS-6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  2:11-cv-10683-JHN-AJW                          Date:  March 14, 2012
Title: PNMAC Mortgage Co LLC v. David Wayne Jessop et al

federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  A case may not be removed to federal court on the basis of a federal defense, even if the defense is anticipated in the Plaintiff's complaint. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983).

Under 28 U.S.C. § 1332, the Court has original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and all parties are completely diverse from one another. The amount in controversy is controlled by the complaint. *St. Paul Mercury Indem. Co. v. Red Cab Co*. 303 U.S. 283, 288 (1983).

## II.   Discussion

In the present case, Plaintiff's complaint clearly invokes a single state law claim for unlawful detainer in violation of California Civil Code § 1161(a) (Compl. 1).  Since no federal question is presented on the face of the complaint, no federal question jurisdiction exists.  *See Gully v. First National Bank*, 299 U.S. 109, 113 (1936) (the federal question "must be disclosed upon the face of the complaint, unaided by the answer or petition for removal.").

There is also no diversity jurisdiction in this case.  Plaintiff claims less than $10,000 in damages.  (Compl. 13).  Thus, the amount in controversy falls far short of the requisite $75,000.

## III.   Conclusion

Defendant has failed to meet its burden of establishing jurisdiction.  Accordingly, the Court hereby **REMANDS** this matter to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.  2:11-cv-10683-JHN-AJW                     Date:  March 14, 2012

Title: PNMAC Mortgage Co LLC v. David Wayne Jessop et al

\_\_: N/A

Initials of Preparer   AM